UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| YAN WU, | Case No. 3:15-cv-173 |
|     Plaintiff, | |
| vs. | |
| LEON RODRIGUEZ, *et al.*, | District Judge Thomas M. Rose |
| | Magistrate Judge Michael J. Newman |
|     Defendants. | |

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTION TO REMAND TO USCIS (DOC. 5) BE GRANTED; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

This civil case is before the Court on a motion filed by Defendants Leon Rodriguez, *et al.* ("Defendants") to, *inter alia*, remand this case to the Department of Homeland Security's ("DHS") Bureau of Citizenship and Immigration Services ("USCIS").[2]  Doc. 5.  Plaintiff filed a memorandum in opposition and Defendants filed a reply memorandum.  Docs. 6, 7.  The Court has carefully considered each of these documents and Defendants' motion is ripe for decision.

### I. Background

Plaintiff Yan Wu is a Chinese national and lawful permanent resident of the United States who seeks to participate in naturalization and become a United States citizen.  Doc. 1 at PageID 4.  Plaintiff submitted an application for naturalization to USCIS in May 2014, and had his fingerprints taken in June 2014.  Doc. 1 at PageID 3-6; doc. 5-1 at PageID 57.  In late November 2014, Plaintiff was interviewed by USCIS in connection with his application.  Doc. 1 at PageID

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Defendants also move to dismiss Federal Bureau of Investigation ("FBI") Director James Comey, who was named here as a Defendant.  Doc. 5.  Given the Court's recommendation for remand and case termination, *see infra*, the Court need not address this aspect of Defendants' motion.

6; doc. 5-1 at PageID 57.  Plaintiff requested an update on the status of his case on February 11, 2015; on February 27, 2015, he received a response that his case was placed on hold due to pending security checks.  Doc. 1 at PageID 6; doc. 1-4 at PageID 14-15.  On March 20, 2015, Plaintiff again requested a status update on his case, and did not receive a response.  Doc. 1 at PageID 6.  On April 13, 2015, while at an appointment at USCIS's Cincinnati Field Office, Plaintiff learned that his case was still under review.  *Id.* at PageID 7; doc. 1-7 at PageID 19.  To date, more than nine months after Plaintiff's November 21st interview, no decision has been made with respect to his naturalization application.  Plaintiff initiated this case on May 12, 2015 by requesting that this Court adjudicate his application pursuant to 8 U.S.C. § 1447(b).  Doc. 1 at PageID 8-9.

## II. Naturalization Process

The naturalization process begins when an applicant files a Form N-400, "Application for Naturalization."  8 U.S.C. § 1445; 8 C.F.R. § 334.2.  USCIS is then required to conduct a background investigation of the applicant, which currently includes three security checks (in addition to a review of DHS's own immigration systems): (1) a FBI fingerprint check; (2) a check against the DHS-managed The Enforcement Communication System ("TECS"); and (3) a FBI name check.  8 U.S.C. § 1446(a); 8 C.F.R. § 335.1; doc. 5-1 at PageID 57; *see Affaneh v. Hansen*, No. C-3-06-267, 2007 WL 295474, at *1 (S.D. Ohio Jan. 29, 2007) (Rose, J.).

USCIS then conducts an "examination," or interview, of the applicant, during which the examiner can take the testimony of the applicant or other witnesses. 8 C.F.R. § 335.2(b).  Thereafter, the USCIS examiner "shall make a determination as to whether the application should be granted or denied, with reasons therefor."  8 U.S.C. § 1446(d).  The examiner "shall

2

grant the application if the applicant has complied with all requirements for naturalization[.]" 8 C.F.R. § 335.3(a).

The regulations require that the determination be made within 120 days of the applicant's initial examination. *Id*. If USCIS fails to make a determination within the 120 day period, the applicant may request a hearing before the District Court. 8 U.S.C. § 1447(b). The District Court may either determine the merits of the application or remand the matter to USCIS with appropriate instructions. *Id.*

### III. Motion to Remand to USCIS

Defendants ask the Court to remand this case to USCIS. Doc. 5 at PageID 52-54. Because "neither the statute nor its implementing regulations offer direction about the factors a court should consider when determining whether to remand or retain the action[,]" courts have broad discretion in this regard. *Omar v. Holder*, 756 F. Supp. 2d 887, 896 (S.D. Ohio 2010). However, "[a]lmost without exception," courts which have considered this question remand the case to USCIS, because District Courts are generally "ill-suited to deciding a naturalization petition . . . [and lack] the resources or experience to properly evaluate the multitude of individual factors that must be considered." *Musaad v. Mueller*, 627 F. Supp. 2d 804, 809 (S.D. Ohio 2007); *Affaneh*, 2007 WL 295474, at * 4; *see also Omran v. Dep't of Homeland Sec.*, No. 1:07-cv-187, 2008 WL 320295, at *3 (S.D. Ohio Feb. 2, 2008) (collecting cases).

Defendants acknowledge that the 120 day time period (commencing on November 21, 2014) lapsed over five months ago, *i.e.*, on March 21, 2015. Doc. 5 at PageID 51. However,

3

Defendants claim that -- despite receiving responses regarding the applicable security checks[3] -- USCIS has been unable to render a decision on Plaintiff's application because his background check is still ongoing. *Id.* at PageID 49-50. Defendants argue that "issues arose during the review of [Plaintiff's] application for naturalization that require further inquiry and review." *Id.* at PageID 49. Plaintiff protests the delay in adjudication of his application, and asks the Court to deny Defendants' motion and determine the merits of his application or -- if the Court concludes remand is appropriate -- to set a specific time frame in which USCIS must adjudicate his application. Doc. 6 at PageID 61, 66.

While the undersigned is sympathetic to the long delays that Plaintiff has already endured, the undersigned is also cognizant of the security concerns implicated in determining a naturalization application without a complete background check, and the preference for remanding "to an agency for decision of a matter that statutes place primarily in agency hands." *Affaneh*, 2007 WL 295474, at *4 (citation omitted). Therefore, the undersigned finds remand appropriate for USCIS to complete the background check and adjudicate Plaintiff's application. *See id.*; *Musaad*, 627 F. Supp. 2d at 810. However, considering the lack of explanation for the lengthy delay -- and because Defendants do not claim to be waiting on information from either the FBI or TECS -- the undersigned finds it appropriate to impose a definite deadline by which USCIS must adjudicate Plaintiff's application. *Cf. Affaneh*, 2007 WL 295474, at *2, 4 (remanding for a determination "promptly after the FBI background check is complete" when

---

[3] Defendants state that: (1) Plaintiff's fingerprints "expire on or about September 20, 2015" because the fingerprint check must be less than fifteen months old at the time USCIS adjudicates his application; (2) USCIS conducted TECS checks on Plaintiff and received results but they "may need to be updated just prior to adjudication as they require frequent updating"; and (3) USCIS submitted a name check request to the FBI on or about June 14, 2014, and received a response. Doc. 5 at PageID 49-50; doc. 5-1 at PageID 58.

USCIS had not received the results of the name check from the FBI); *see Al-Mohammed v. Citizen and Immigration Servs.*, No. 2:07-cv-10732, 2007 WL 2004866, *4 (E.D. Mich. July 9, 2007) (directing USCIS to adjudicate the application within 120 days of the Remand Order).

### IV. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that: (1) Defendants' motion (doc. 5) be **GRANTED**, and this case be **REMANDED** to USCIS for adjudication **AS SOON AS POSSIBLE** and, in any event, no later than **120 DAYS** from the date of any Remand Order issued here; (2) Defendants be ordered to file a notice with the Court when they have complied with the Remand Order; and (3) this case be **TERMINATED** on the Court's docket.

Date:  August 24, 2015              *s/ Michael J. Newman*
                                    Michael J. Newman
                                    United States Magistrate Judge

5

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).